UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OHIO & VICINITY CARPENTERS' FRINGE BENEFIT FUNDS, INC., | ) ) ) | CASE NO. 5:16-cv-2367 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | MEMORANDUM OPINION |
| WALTERS BUILDING COMPANY, LLC | ) ) ) ) | |
| DEFENDANT. | ) | |

Presently before the Court are affidavits submitted by plaintiff Ohio & Vicinity Carpenters' Fringe Benefit Funds, Inc. ("plaintiff" or "Funds") in support of the damages, attorney fees, and costs sought by plaintiff in its motion for default judgment. (Doc. No. 15.) For the reasons that follow, judgment is granted in favor of plaintiff and against defendant in the amount of $107,600.85 in damages, and $1,557.00 in attorney fees and $535.00 in costs.

**A. Background**

The Court previously granted plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55 against defendant Walters Building Company, LLC ("WBC") as to liability only for unpaid fringe benefit contributions, attorney fees and costs. (Doc. No. 14 ["Order"].) Plaintiff sought default judgment against defendant in the amount of $107,690.85 for unpaid fringe benefits contributions, and attorney fees and costs in the amount of $1,739.00. (Doc. No. 10 ["Mot."].) The Court did not grant default judgment

as to damages, however, because plaintiff failed to provide any evidentiary support for the amount of damages, fees, and costs sought in the motion. In denying plaintiff's motion as to damages without prejudice, the Court indicated that if plaintiff did not submit evidentiary support for the claimed unpaid fringe benefit contributions, attorney fees, and costs, the Court would schedule an evidentiary hearing. (Order at 51.[1])

**B. Analysis**

The well-pleaded allegations in a complaint are taken as true as to liability when a defendant is in default, but not as to damages. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visioneering Constr. v. U.S Fid. & Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)). Rule 55(b)(2) permits, but does not require, the district court to conduct an evidentiary hearing to determine damages. *Arthur v. Robert James & Assoc. Asset Mgmt., Inc.*, No. 3:11-cv-460, 2012 WL 1122892, at *1 (S.D. Ohio Apr. 3, 2012) (citing *Vesligaj v. Peterson*, 331 F. App'x. 351, 354-55 (6th Cir. 2009)). The Court may rely on affidavits submitted by plaintiff in support of damages without the need for a hearing. *Id.* at *2 (citation omitted).

   1.   **Unpaid fringe benefit contributions**

Plaintiff has submitted the affidavit of Eryka Stamatakos, an administrator for plaintiff Funds, in support of its motion for default judgment. (Doc. No. 15-1 ["Stamatakos Aff."] at 54.) Ms. Stamatakos's affidavit avers that defendant owes unpaid amounts under the terms of the collective bargaining agreement in the sum of

---

[1] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

2

$107,600.85.[2] (Stamatakos Aff. at 54.) (This amount is $90.00 less than the amount sought in plaintiff's motion.) Thus, damages are awarded in the amount of $107,600.85.

### 2. Attorney fees and costs

Plaintiff is entitled to reasonable attorney's fees and costs pursuant to the collective bargaining agreement applicable to the Fund and 29 USC § 1132(g)(2)(D). Attorney fees are calculated using the "lodestar" method, which is determined by multiplying the number of hours reasonably expended on this litigation by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995). The lodestar calculation can be adjusted by consideration of a number of factors.[3] *Hensley*, 461 U.S. at 430, n.3.

Plaintiff has submitted the affidavit of Michael Asher ("Asher") in support of attorney fees in the amount of $1,557.00 and costs in the amount of $535.00,[4] for a total amount of $2,092.00. (Doc. No. 15. ["Asher Aff."] ¶¶ 4, 6, 7.) Asher avers that his firm bills plaintiff at an hourly rate of $200.00 for senior partners, $180.00 for partners, and $150.00 for associates, and that those rates are "comparable, reasonable and consistent" with rates for firms that represent funds like plaintiff. (*Id*. ¶¶ 4, 5.) Billing records are not attached to the affidavit.

---

[2] This sum is comprised of $99,272.14 in unpaid fringe benefit contributions for work performed and $8,328.71 in liquidated damages.

[3] These factors include: (1) time and labor; (2) difficulty of the case; (3) skill necessary; (4) the extent the attorney is precluded from working on other matters; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations; (8) the amount involved and the results obtained; (9) the attorney's experience, reputation and ability; (10) the undesirability of the case; (11) the nature and length of the attorney-client relationship; and (12) awards in similar cases.

[4] This sum is comprised of: (1) $400.00 complaint filing fee; (2) $85.00 service of summons and complaint; and (3) $50.00 court reporter attendance. The Court finds these costs to be reasonably expended in this matter.

The prevailing hourly market rate can be demonstrated in a number of ways, including, affidavit, fee award studies, citations to prior precedent regarding reasonable rate adjudications, and the court's own expertise in recognizing reasonable applicable prevailing rates. *See Disabled Patriots of Am. v. Genesis Dreamplex, LLC*, 3:05 CV 7153, 2006 WL 2404140, at *2 (N.D. Ohio 2006). Plaintiff has not submitted affidavits from other attorneys regarding prevailing market rates in the community for attorneys specializing in ERISA matters. Based on the Court's experience in similar cases, however, the billing rates charged by plaintiff's counsel in this case ($150.00-$200.00) are reasonable for purposes of the lodestar analysis. *See Local Union No. 33 Trustees of Sheet Metal Workers' Akron Dist. Pension Fund v. Map Heating & Cooling, LLC*, No. 5:08CV2954, 2010 WL 1995654, at *6 (N.D. Ohio May 19, 2010) (hourly rates between $155.00 and $160.00 are reasonable); *Gen. Truck Drivers & Helpers Local Union No. 92 ex rel. Exec. Bd. v. Smith Truck Serv., Inc.*, No. 5:11CV1683, 2012 WL 1658352, at *4 (N.D. Ohio May 11, 2012) (hourly rates of $200.00 and $225.00 are reasonable).

Plaintiff has not submitted billing statements to document the number of hours expended by counsel on this litigation. Plaintiff seeks attorney fees in the amount of $1,557.00. Based on the lowest hourly rate charged by plaintiff ($150.00), counsel expended approximately 10 hours on this litigation. At the highest hourly rate, counsel expended approximately 7.75 hours. Although plaintiff should have included billing records to support its attorney fee request, based upon the information provided, the Court finds that the number of hours expended in this case for which default judgment was obtained appear to be reasonable for cases of this nature. *See e.g. Trustees of Michigan Laborers' Pension Fund v. Improvement Techs. Co.*, No. 09-CV-11839, 2009

WL 5150349, at *2 (E.D. Mich. Dec. 18, 2009) (5.0 hours at a rate of $190.00 per hour); *Boards of Trustees of Ohio Laborers' Fringe Benefits Programs v. LA Williams Constr., LLC,*, No. 2:16-CV-00304, 2017 WL 2858277, at *4 (S.D. Ohio July 5, 2017) (hours aggregated per the billing rates of $255.00 per hour for 12.25 hours and $280.00 per hour for 5.75 hours for different types of work is reasonable) (citations omitted). Accordingly, plaintiff's motion for attorney fees in the amount of $1,557.00, and costs in the amount of $535.00, is granted.

**C. Conclusion**

For all of the foregoing reasons, judgment is granted in favor of plaintiff and against defendant in the amount of $107,600.85 in damages, and $1,557.00 in attorney fees and $535.00 in costs.

**IT IS SO ORDERED**.

Dated: July 18, 2017

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**